# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION.

1:99cv190-PM

SAMUEL H. MUKASA

      Plaintiff,

vs.

LIFE SOUTH COMMUNITY BLOOD SYSTEM
( f/k/a Civitan Regional Blood system)., a Florida Corporation,

      Defendant.

## COMPLAINT.
(Demand for a Jury Trial.)

Plaintiff, SAMUEL H. MUKASA, sues Defendants, LIFE SOUTH COMMUNITY
BLOOD SYTEMS INC. a Florida Corporation, and says:

## I.JURISDICTION

This is an action pursuant to Tittle VII of the Civil Rights Act of 1964, as amended,

42 U.S.C.§ 2000e, et seq., to secure protection and redress deprivation of rights

guaranteed by Federal law. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DIST
GAIN...

99 AUG 16 P 1:44

FILED

1

## II. PARTIES.

2        Plaintiff, SAMUEL H. MUKASA, hereinafter referred to as MUKASA,

is a naturalized citizen of the United States and of the State of Florida, residing

in Alachua County.(734 NW  89th Street Gainesville Fl.32607).

3.       Defendant, Life South Community Blood System ( f/k/a Civitan Regional

Blood Center) INC. hereinafter referred to as LIFE SOUTH is a Florida
corporation

With its principle place of business in Gainesville, Alachua County, Florida. At

all times relevant to this action, Defendant has engaged in an industry affecting

commerce and employed more than 20 regular employees.

LIFE SOUTH operates its business at 1221 NW. 13th Street. Gainesville Fl.32601.

## III. FACTS.

4.       From August 1994 to April 1997 , MUKASA was an employee of

Life South. At all times relevant to this action, MUKASA`S performance was

more than satisfactory.

5.       During his three years of employment MUKASA was repeatedly

discriminated against because of his race, color, and national origin.

6.       From April 1996 to April 1997, MUKASA was forced to over work

and  as a result MUKASA asked for help but nothing was done to correct the

situation.

2

7.      On or about April 27, 1997 LIFE SOUTH wrongfully terminated MUKASA.
MUKASA'S discharge was as a result of policy of LIFE SOUTH  to
favor  and promote white native born persons over immigrants and people of
color.

8.      Upon information and belief, LIFE SOUTH has engaged in a pattern or
practice which has disproportionately affected its non-white native born employees
specifically MUKASA.

9.      Despite diligent efforts, MUKASA has not been able to find comparable
employment since his discharge from LIFE SOUTH.

## COUNT I
## DISCRIMINATION EMPLOYMENT

10.     MUKASA incorporates, as if realleged, paragraphs 2-9.

11.     LIFE SOUTH'S conduct in discharging MUKASA violates Title VII of the
Civil Rights Act of 1964, as amended. MUKASA has no plain, adequate or
complete remedy at law to redress the wrongs alleged herein and this action for
a permanent injunction and other relief is his only means of securing adequate
relief. MUKASA is suffering and will continue to suffer irreparable injury as a
result of LIFE SOUTH'S discriminatory policy.

12.     As a result of LIFE SOUTH'S conduct in terminating MUKASA'S

3

employment , MUKASA has suffered lost income, lost fringe benefits and lost seniority, and has incurred expenses in searching for replacement employment.

13.     As a result of LIFE SOUTH`S conduct in terminating MUKASA`S employment , MUKASA will continue to suffer lost income, lost fringe benefits,

lost seniority, and to incur expenses in searching for replacement employment, in the future.

14.     MUKASA has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites for the bringing of this action.

WHERFORE, plaintiff, SAMUEL MUKASA, demands a trial by jury and seeks judgement against Defendant, LIFE SOUTH INC. including:

(A)     Grant plaintiff MUKASA a permanent injunction enjoining, Defendant, its agents, successors, employees and those acting in consort with Defendant LIFE SOUTH from continuing to violate plaintiff MUKASA`S civil rights.

(B)     Issue an order requiring Defendant LIFE SOUTH to reinstate, Plaintiff MUKASA at his former job position and/or at a higher position to which he is  entitled by virtue of his responsibilities and qualifications.

(C)     Issue an order awarding plaintiff MUKASA back pay, pre-judgement interest, fringe benefits and any other appropriate relief necessary to make Plaintiff  MUKASA whole and compensate him for the civil rights violations described above.

4

(D)        Award Plaintiff MUKASA front pay, fringe benefits and other

           compensation.

(E)        Award Plaintiff Punitive and Compensatory damages. The sum

           punitive and compensatory damages may not exceed the following:

    (1)        $50,000 for employers who have 15-100 employees.

    (2)        $100,000 for employers who have 101-200 employees.

    (3)        $200,000 for employers who have 201-500 employees.

    (4)        $300,000 for employers who have more than 500

               employees 42 U.S.C. § 1981A(b)(3)

               Plaintiff has attached a copy of a Right to Sue letter from the

               Equal Employment Opportunity Commission.

Other relief that may appear appropriate at the time of final judgement as the **JURY** may see fit, and the Court grant such other relief as may be appropriate including injunctive orders, damages.

_____
(SIGNATURE OF PLAINTIFF)                    3\16\99

734 N. W. 89th Street.
(address of plaintiff.)


GAINESVILLE, FLORIDA, 32607.
(City)       (State)    (Zip code)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Samuel H. Mukasa<br>734 N.W. 89th Street<br>Gainesville, FL 32607 | **Miami District Office**<br>**Equal Employment Opportunity Commission**<br>**One Biscayne Tower, Suite 2700**<br>**2 South Biscayne Boulevard**<br>**Miami, Florida 33131-1805** |
| ☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL*<br>*(29 C.F.R. 1601.7(a))* | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 15D971263 | James Colon, State & Local Coordinator | (305) 536-4454 |

(See the additional information attached to this form.■

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the Commission■ EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies**■

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that☐ backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office

On Behalf of the Commission

**JUN 2 1 1999**
_____
(Date Mailed)

_____
Federico Costales, District Director

Enclosures
   Information Sheet
   Copy of Charge

cc: Life South Community Blood System
     f/k/a Civitan Regional Blood System
     c/o Dabney D. Ware, Esq.
     Foley & Lardner, P.A.
     Post Office 240
     Jacksonville, FL 32201-0240

N. Albert Bacharach, Jr. Esq.
101 S.W. 2nd Place
Suite 116
Gainesville, FL 32607-6592

EEOC Form 161-B (10/96)